UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

XUFENG AO,

Petitioner,

v.

J. JOHNSON, et al.,

Respondents.

Case No. 5:26-cv-05033-FLA (ACCV)

**ORDER FOR SUPPLEMENTAL BRIEFING**

On August 31, 2026, Petitioner Xufeng Ao ("Petitioner," A# 208-318-209), filed a Petition for Writ of Habeas Corpus ("Petition") in pro se, pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). Dkt. 1. Petitioner is a native of the People's Republic of China ("China"), who entered the United States in 2015, was convicted of conspiring to distribute 50 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) on May 10, 2019, and was arrested and detained by ICE in 2020, after being released from federal custody. Dkt. 9-2 at 3. On January 21, 2020, an Immigration Judge ("IJ") denied Petitioner's applications for withholding of removal and relief under the Convention Against Torture, and issued a final order of removal. Dkt. 21-1.

Petitioner alleges he spent three months in immigration detention before being released "because China would not receive him back into the country." Dkt. 1 ¶ 6. Petitioner further states he was re-arrested and detained by ICE on August 19, 2026, without pre-deprivation notice or a bond hearing. *Id.* ¶¶ 10–11, 17. Petitioner requests his immediate release or an individualized bond hearing, on the grounds that "Petitioner's re-detention without a pre-deprivation hearing violated due process," and "[t]here is no significant likelihood of Petitioner's removal in the reasonabl[y] foreseeable future, rendering [P]etitioner's detention illegal under <u>Zadvydas v. Davis, 533 U.S. 678, … (2001) and 8 C.F.R. § 241.13(i)(2).</u>" *Id.* ¶¶ 15–17, 66, 72 (underline in original).

On September 18, 2026, Respondents filed an Answer to the Petition, stating Petitioner is a native of China with a final order of removal to the Socialist Republic of Viet Nam ("Vietnam"). According to Respondents, they "expect to receive travel documents from the Vietnamese government, and once they are received, Respondents plan to effectuate [Petitioner's] prompt removal to Vietnam." *Id.* Respondents further stated they "[were] not presenting an opposition argument at [that] time to rebut Petitioner's request for release from detention based on *Zadvydas v. Davis*[,] 533 U.S. 678 (2001)," but "oppose[d] any relief requiring a 'pre-

deprivation' custody redetermination hearing." *Id.*

On October 13, 2026, the assigned Magistrate Judge issued a Report and Recommendation ("Report"), noting Petitioner's Final Order of Removal lists China as the country of removal and recommending this court issue an order directing Respondents to release Petitioner immediately under the same conditions as he was released prior to his re-detention, based on Respondents' non-opposition to Petitioner's request for release, Respondents' apparent admission they do not have travel documents for Petitioner, and the absence of procedural safeguards accorded to Petitioner in advance of his re-arrest and detention. Dkt. 15.

On October 20, 2026, Respondents filed a Notice of Intended Removal, stating "ICE has served a notice of removal on the Petitioner, identifying him as scheduled for transfer outside the District on October 24, 2026, to effectuate his removal to China in accordance with his final order of removal issued on January 21, 2026." Dkt. 17.

On October 21, 2026, this court issued an Order barring Petitioner's transfer from this district or removal from the United States absent further order from this court. Dkt. 18. The court ordered Respondents to file a status report and a more legible copy of Petitioner's final order of removal, noting it was unclear why Respondents intended to remove Petitioner to China, given their prior representation that Petitioner was ordered removed to Vietnam. *Id.* at 2.

On October 28, 2026, Respondents filed a Status Report, clarifying that Petitioner is a citizen of China who was ordered removed to China, apologizing for their prior misstatements, and stating they sought to remove Petitioner to his country of nationality. Dkt. 21 at 1. Respondents additionally submitted a legible copy of an Order of the Immigration Judge, dated January 21, 2020, which states that Petitioner was ordered removed from the United States to China, and that Petitioner's application for withholding of removal and for relief under the Convention Against Torture were denied. Dkt. 21-1.

Having reviewed and considered the Status Report and all relevant portions of the docket, and in light of Respondents' prior misstatements to the court, the court ORDERS Respondents to file a further status report by November 11, 2026, identifying: (1) whether Respondents have obtained travel documents for Petitioner from the government of China or China's agreement to accept Petitioner without the need for travel documents; (2) an estimated timeline for Petitioner's removal to China, if Respondents have obtained travel documents or China's agreement to accept Petitioner without such documents; (3) the status of their efforts to obtain travel documents or China's agreement to accept Petitioner without such documents, if not; and (4) whether Petitioner has received an individualized bond hearing since he was re-detained on August 19, 2026. Respondents are additionally ORDERED to provide a physical copy of this Order to Petitioner within two (2) days of the docketing of this Order. Petitioner may file a response to Respondents' further status report on or before November 25, 2026.

IT IS SO ORDERED.

Dated: November 4, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge